JAMES MACGIBBON, CLERK OF THE CIRCUIT COURT OF ES-
CAMBIA COUNTY, FLORIDA, *Plaintiff in Error*, v. ROBERT
H. HARRELL AND MRS. ROBERT H. HARRELL, AND STATE
*ex rel.*, ROBERT H. HARRELL AND MRS. ROBERT H. HAR-
RELL, *Defendants in Error*.

Division B.

Opinion Filed December 11, 1925.

Chapter 10532, Acts of 1925, does not affect the general law relat-
ing to the sale of tax certificates held by the State and the
issuance of deeds thereon; nor does such special act extend
the time for redemption when a tax certificate is bought from
the State.

A Writ of Error to the Circuit Court for Escambia
County; A. G. Campbell, Judge.

Affirmed.

*Carter & Yonge* and *John M. Coe*, for Plaintiff in Error;

*F. W. Marsh*, for Defendants in Error.

WHITFIELD, P. J.—It appears that on July 17, 1925, Mrs.
Harrell purchased from the State, through the Clerk of the
Circuit Court, tax sale certificate No. 208, dated August 6,
1923, for unpaid taxes for the year 1922, and on September
28, 1925, Mrs. Harrell, upon complying with the General
Statutes, made application to the clerk for a tax deed, which
the clerk refused. An alternative writ of mandamus issued
by the Circuit Judge commanded the clerk to receive the
required payments, make the prescribed advertisement and
to proceed in the execution of his ''duty with respect to said
matter as provided by law'' or to show cause, &c. A motion
to quash the alternative writ was denied, and the respond-

ent not desiring to further answer it was "ordered and adjudged that the alternate writ be made absolute, and that respondent do forthwith and without delay, receive and accept the surrender of tax sale certificate No. 208, dated August 6, A. D. 1923, and fully described in relator's petition and to thereupon and in due course, and without delay, cause notice of the application of relator for a tax deed under said tax certificate to be published and given in the manner prescribed by law, and upon relator otherwise complying with law, respondent shall otherwise act upon and proceed in the execution of his duty with respect to said matter as provided by law."

A writ of error was taken by the respondent.

Chapter 10532, Acts of 1925, approved May 22, 1925, provides that "this Act shall take effect thirty days after it becomes a law" and by its terms provides "that each and every uncancelled and unredeemed tax sale certificate upon which no deed has yet been made, heretofore issued in pursuance of any sale for taxes  *  *  *  embracing lands in Escambia County, Florida,  *  *  *  whether held by the State or by individuals, and all State and county assessments of lands in said county for taxes for 1924 are hereby validated and confirmed," &c., and that "any such tax sale certificate held by the State or its authorities may be redeemed or sold and assigned upon the same terms and for like amounts as is or may be provided by law for the redemption, sale and assignment of valid tax sale certificates; provided, no redemption shall be permitted after the expiration of six months from the time this Act becomes effective, except that certificates based upon sales made from nonpayment of taxes for the year 1923, may be redeemed at any time previous to the expiration of two years from the date of such sale."

While under the principles announced in City of Orlando v. Giles, 51 Fla. 422, 40 South. Rep. 834, the provisions of

the Act purporting to validate tax sale certificates as distinguished from tax assessments, may not be operative, if the Act be otherwise valid, yet the Act does not for the purposes of this case affect the general law as to the sale of tax certificates held by the State, and the issuance of deeds thereon by due course of law. If the local law be inoperative to cure illegal tax *sales*, the purchaser takes a deed *cum onere*. The land may be redeemed at any time before a deed is executed by making appropriate payments. Sec. 770, Rev. Gen. Stats. 1920. The local Act above quoted from does not extend the time for redemption when a tax certificate is bought and deed duly applied for; but it purports to terminate the right to redeem at all "after the expiration of six months from the time the Act becomes effective," except as to sales for taxes for 1923, which exception is not now material here.

Affirmed.


TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.